# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14cv2692 BTM (BLM) |
|---|---|
| Petitioner, | |
| v. | **ORDER GRANTING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS** |
| MICHAEL P. MCCARTHY, | |
| Respondent. | |

The Government has petitioned the Court for an order enforcing the Internal Revenue Service ("IRS") Summons issued to Michael P. McCarthy ("Respondent"). On November 14, 2014, the Court issued an order setting a hearing on the petition to enforce. On December 2, 2014, the IRS personally served Respondent with a copy of the Court's order, the Government's petition to enforce and supporting declaration. Respondent did not file a written response to the order.

The hearing was held on the Government's petition on January 30, 2015, at 2:00 p.m. The Government was represented by Assistant United States Attorney Caroline J. Clark. Respondent did not appear. For the reasons explained herein, the Government's petition to enforce the summons is granted.

///

## **BACKGROUND**

On January 30, 2014, N. Ayrapetyan, a Revenue Officer employed by the IRS, issued an IRS summons to Respondent. [Declaration of Revenue Officer N. Ayrapetyan in Support of Petition, ("Ayrapetyan Decl."), ¶ 3] The IRS is conducting an investigation to determine Respondent's ability to pay his outstanding civil penalty tax liabilities for the tax years 2001, 2002, 2003, 2004, 2005, 2007, 2008, 2009, 2010, 2011, and 2012, and unpaid Trust Fund Recovery Penalties for the periods ending March 31, 2008, June 30, 2008, September 30, 2008, December 31, 2008, March 31, 2009, June 30, 2009, September 30, 2009, and December 31, 2009. [Id. at ¶ 2.] On January 31, 2014, Revenue Officer Ayrapetyan served the summons on Respondent by handing him an attested copy of the summons. [Id. at ¶ 4.] The summons called for Respondent to appear before the IRS on March 4, 2014, at 8:30 a.m. [Id. at ¶ 5.]

On March 4, 2014, Respondent did not appear before the IRS as directed and did not provide any of the summonsed information. [Id.] The Office of Division Counsel of the IRS and the U.S. Attorney's office subsequently sent letters to Respondent directing him to appear before the IRS. [Id. at ¶¶ 6-7.] Respondent did not provide the IRS with the testimony and documents requested by the summons. [Id. at ¶ 9.]

On November 12, 2014, the Government petitioned the Court to enforce the summons. On November 14, 2014, the Court set a hearing date for this matter and ordered Respondent to respond to the petition on or before January 23, 2015 and to appear before the Court on January 30, 2015 at 2:00 p.m. Respondent did not file a written response. On January 30, 2015, the Court held a hearing on Government's petition. Respondent did not appear.

///

2

## DISCUSSION

Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue . . . or collecting any such liability." Section 7602(a)(1) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony.

In order to obtain judicial enforcement of an IRS summons, the United States "must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code." Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379 U.S. 48, 57-58 (1964)). "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that Powell requirements have been met." Id. at 120. Once the government has made a prima facie showing that enforcement of the summons is appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an abuse of the court's process. Powell, 379 U.S. at 58. The Supreme Court has characterized respondent's burden as a heavy one. Id.

The Government's petition and Revenue Officer Ayrapetyan's supporting declaration satisfy all four elements of the Powell standard. First, the IRS is conducting an investigation with respect to the determination of Respondent's ability to pay his outstanding tax liabilities

3

for 2001, 2002, 2003, 2004, 2005, 2007, 2008, 2009, 2010, 2011, and 2012, as well as unpaid Trust Fund Recovery Penalties for various tax periods. [Ayrapetyan Decl., ¶ 2.] Such an investigation is expressly authorized by 26 U.S.C. § 7602(a). The Internal Revenue Code explicitly allows the issuance of a summons for the purpose of determining "the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Thus, the summons was issued for a legitimate purpose. Second, Revenue Officer Ayrapetyan has declared in her affidavit that the information requested by the summons may be relevant to the IRS determination of Respondent's ability to pay his tax liability. [Id. at ¶ 12.] Third, the IRS does not already possess the testimony, papers, records, and other data sought by the summons issued to Respondent. [Id. ¶ 10.] Finally, the IRS has followed and exhausted all required administrative steps, but Respondent has not complied with the summons. [Id. at ¶ 11.] Thus, the Government has made prima facie showing that it is entitled to judicial enforcement of the summons.

## CONCLUSION

For the reasons set forth herein, the Government's petition to enforce the IRS summons is GRANTED. Respondent, Michael McCarthy, is directed to appear before IRS Revenue Officer N. Ayrapetyan or a designee, on March 10, 2015, at 8:30 a.m., at the offices of the Internal Revenue Service located at 333 West Broadway, 9th Floor, Room 914, San Diego, California, 92101, and to produce the documents and give testimony as directed in the summons. The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible. Proof of service

shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject her to sanctions for contempt of court.

**IT IS SO ORDERED.**

Dated: February 9, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

5